Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LORENZO LÓPEZ REYES<br><br>**Parte apelada**<br><br>v.<br><br>ALDUA ELECTRICAL CONTRACTOR LLC Y OTROS<br><br>**Parte apelante** | **TA2026AP00620** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Caso Núm.:<br>**CG2026CV00710**<br><br>Sobre:<br><br>**DESAHUCIO POR INCUMPLIMIENTO** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece Aldua Electrical Contractor, LLC[1], en adelante, AEC y Alaaeldin Aboukheir Atrach, en adelante, la parte apelante, y solicita que se revoque la *Sentencia* emitida el 2 de junio de 2026, notificada el 5 de junio de 2026, por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas. Mediante dicho dictamen se declaró *Con Lugar* la demanda de desahucio sumario presentada por Lorenzo López Reyes, en adelante, López Reyes o parte apelada.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

**I.**

El 26 de febrero de 2026, López Reyes presentó una demanda de desahucio sumario por precario contra la parte apelante. Alegó ser hijo y heredero de los titulares registrales de la Finca Núm.

---

[1] Es una compañía de responsabilidad limitada con fines de lucro, organizada y existente bajo las leyes del Estado Libre Asociado de Puerto Rico. Entrada 1 de Sistema Unificado de Manejo y Administración de Casos del Tribunal Apelativo (SUMAC TA), apéndice 1.

5,306, localizada en la Carr. 797, Km. 4.0 del Barrio Jagüeyes de Aguas Buenas, Puerto Rico. Sostuvo que autorizó a los apelantes a ocupar dos (2) naves situadas en la parte posterior del inmueble, en calidad de arrendamiento, bajo un acuerdo verbal conforme al cual no pagarían renta hasta completar el techado de estas. Adujo que, los apelantes, ocuparon y techaron las dos naves autorizadas, sin embargo, alegó que también ocuparon y techaron una tercera nave adyacente sin su autorización. Añadió que, culminadas las obras, los apelantes no comenzaron a pagar renta ni desalojaron la propiedad, pese a los requerimientos extrajudiciales efectuados.[2]

Tras varias incidencias procesales, el 10 de abril de 2026, la parte apelante compareció mediante representación legal y presentó una *Moción Asumiendo Representación Legal y Anunciando Conflicto de Calendario*, en la cual solicitó el reseñalamiento de la vista. A raíz de lo anterior, el TPI-Caguas reseñaló el juicio en su fondo para el 6 de mayo de 2026.[3]

Posteriormente, el 5 de mayo de 2026, los apelantes presentaron *Contestación a la Demanda y Reconvención*. Admitieron que ocupaban parte del inmueble y que López Reyes autorizó el uso de las naves. Sin embargo, negaron que su ocupación fuese precaria y alegaron que la autorización incluyó la realización de mejoras sustanciales. Sostuvieron que cualquier alegada deuda de renta quedó compensada y excedida por el valor de las mejoras efectuadas.[4]

Como defensas afirmativas, invocaron pago o compensación, enriquecimiento injusto, consentimiento expreso o tácito y falta de causa de acción. Además, formularon reconvención y alegaron que realizaron mejoras permanentes, necesarias y útiles al inmueble,

---

[2] Entrada 1 de SUMAC TA, apéndice 1.
[3] *Íd.*, apéndice 8.
[4] *Íd.*, apéndice 11.

incluyendo el techado de estructuras, cierres de aperturas, construcción de losas de hormigón, instalaciones eléctricas, mejoras estructurales y de acceso, y adecuación del espacio para uso comercial. Alegaron que dichas mejoras ascendieron a $37,352.61 y que, luego de considerar la renta pactada de $500.00 mensuales desde octubre del año 2023, existía un balance de $22,352.61 a su favor. Solicitaron que se declarara sin lugar la demanda, que se determinara que no existía deuda de renta y que se acogiera su reconvención.[5]

El 6 de mayo de 2026, se celebró una vista de Regla 60 de manera híbrida. Comparecieron las representaciones legales de ambas partes. Luego de discutirse los argumentos en estrado, el Tribunal expresó que emitiría su determinación por escrito. La Minuta fue transcrita el 21 de mayo de 2026.[6]

El 2 de junio de 2026, notificada el 5 de junio de 2026, el TPI-Caguas dictó *Sentencia* declarando *Con Lugar* la demanda de desahucio sumario. El Tribunal concluyó que López Reyes estaba legitimado para instar la acción como causahabiente y codueño mediante herencia. Determinó que los apelantes habían reconocido haber recibido las naves en arrendamiento, que el canon comenzaría a pagarse luego de culminar los techos y que, aun después de completadas dichas obras, continuaron ocupando el inmueble sin pagar renta ni contar con un contrato escrito vigente.[7]

En cuanto a las alegaciones de los apelantes sobre mejoras, compensación y derecho de retención, el Foro de Primera Instancia concluyó que no se configuró ni acreditó un derecho de retención. Determinó, además, que no se acreditó el consentimiento expreso del apelado para mejoras adicionales a las relacionadas con el

---

[5] Entrada 1 de SUMAC TA, apéndice 11.
[6] *Íd.*, apéndice 13.
[7] *Íd.*, apéndice 14.

techado de las naves. Por entender que las reclamaciones sobre mejoras y cobro de dinero constituían cuestiones accesorias que debían dilucidarse en un procedimiento ordinario independiente, desestimó la reconvención sin perjuicio de que las partes instaran las acciones correspondientes.

Como consecuencia, el Tribunal ordenó a los apelantes a desalojar el inmueble en el término de cinco (5) días. Asimismo, impuso $1,000.00 por concepto de honorarios de abogado, costas y gastos, sujeto al cumplimiento con la Regla 44.1 de Procedimiento Civil, y fijó una fianza de apelación de $5,000.00.[8]

El 12 de junio de 2026, los apelantes instaron el presente recurso y formularon los siguientes señalamientos de error:

> **PRIMER ERROR**: Erró el Tribunal de Primera Instancia al dictar sentencia a pesar de carecer de jurisdicción para ello, ya que del expediente judicial no surgía que la parte demandante tuviera legitimación activa para presentar la acción.

> **SEGUNDO ERROR**: Erró el Tribunal de Primera Instancia al dictar sentencia de desahucio sumario contra la parte apelante, cuando la parte demandante no presentó prueba alguna para sustentar su acción, a pesar de que sobre esta última recaía el peso de la prueba.

> **TERCER ERROR:** Erró el Tribunal de Primera Instancia al no convertir el procedimiento sumario en uno ordinario, con el agravante de que para dictar sentencia sin la celebración de una vista evidenciaria tomó en consideración la contestación a la demanda (lo que es contrario al proceso sumario) y determinó que la parte apelante era "precarista", cuando la reclamación del demandante se fundamentaba en una alegada falta de pago.

El 22 de junio de 2026, López Reyes presentó su Alegato de en Oposición a la apelación. Sostuvo que los apelantes no cuestionaron oportunamente la legitimación del apelado ni solicitaron la conversión del caso al trámite ordinario. Asimismo, argumentó que las defensas relacionadas con mejoras y

---

[8] Entrada 1 de SUMAC TA, apéndice 14.

compensación no configuraban un derecho de retención y que tales reclamaciones debían ventilarse en un pleito independiente. [9]

Perfeccionado el recurso de autos, nos encontramos en posición de resolver.

**II.**

### A. Apelación Civil

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento de prueba, vista evidenciaria, sentencia, reconsideración, apelación, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La apelación no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Mojica Rodríguez v. ESSROC*, 2026 TSPR 47, 218 DPR ___ (2026); *Freire* Ruiz et al. v. Morales, Hernández, 2024 TSPR 129, 214 DPR ___ (2024); *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para

---

[9] Entrada 5 de SUMAC TA.

sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior,* 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 710 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Por discreción se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de acción". *García v. Asociación,* 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago,* supra, págs. 211-212. Así, pues,

la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.

*Rivera et al. v. Arcos Dorados et al.*, supra.

## B. Legitimación Activa

El concepto legitimación activa se ha desarrollado en la jurisdicción federal al amparo del Artículo III de la Constitución de los Estados Unidos. Su fundamento descansa en que los tribunales federales sólo atienden controversias judiciales, y no pueden ofrecer opiniones consultivas. *Food and Drug Administration v. Alliance for Hippocratic Medicine,* 602 US 367, 378 (2024); *Carney v. Adams,* 592 US 53, 58 (2020). Al igual que ocurre en la jurisdicción federal, en Puerto Rico, la revisión judicial solo puede ejercerse en un caso o controversia. *Rivera et al. v. Torres et al.,* 214 DPR 111, 133-134 (2024); *Hernández Montañez v. Parés Alicea,* 208 DPR 727, 738 (2022); *Aponte Rosario et al. v. Pres. CEE,* 205 DPR 407, 452 (2020); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 932 (2011); *Fund. Surfrider y otros v. ARPe,* 178 DPR 563, 571 (2010); *Romero Barceló v. ELA,* 169 DPR 460, 475 (2006); *E.L.A. v. Aguayo,* 80 DPR 552, 558–559 (1958).

Como elemento esencial para la adjudicación de los méritos de una controversia, el principio de justiciabilidad impone a los tribunales el deber de examinar si la parte que acude a su auxilio ostenta legitimación activa para actuar de conformidad. *Rivera et al. v. Torres et al.,* supra, pág. 132; *Hernández, Santa v. Srio. de Hacienda,* 208 DPR 727, 738-739 (2022). Esta figura se define como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *DACo v. LUMA Energy,* 2025 TSPR 126, 216 DPR __ (2025). *Bhatia Gautier v. Gobernador,* 199 DPR 59, 69 (2017). El propósito de la legitimación activa es que el tribunal se asegure de

que la parte reclamante tiene un interés genuino, va a perseguir su causa vigorosamente y que todos los asuntos pertinentes serán presentados ante la consideración del juzgador. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163, 178-179 (2022). Así, la parte que solicita un remedio judicial debe demostrar que: (1) ha sufrido un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una conexión entre el daño y la causa de acción ejercitada, y (4) la causa de acción surge al palio de la Constitución. DACo v. LUMA Energy, *supra; Hernández Montañez v. Pares Alicea,* supra, pág. 739; *Bhatia Gautier v. Gobernador,* supra, pág. 69; *Fund. Surfrider y otros v. A.R.Pe.,* supra, pág. 572; *Sánchez et al. v. Srio. de Justicia et al.,* 157 DPR 360, 371 (2002).

### C. Desahucio Sumario

El desahucio constituye el mecanismo mediante el cual el dueño o la dueña de un inmueble procura recobrar la posesión de hecho de su propiedad mediante el lanzamiento o la expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. *Mercovic v. Meldon y otro,* 2025 TSPR 99, 216 DPR ___ (2025); *Cooperativa v. Colón Lebrón,* 203 DPR 812, 820 (2020); *Payano v. SLG Cruz-Pagán,* 209 DPR 876 (2022). Este remedio puede instarse por la vía sumaria o por la ordinaria. *Adm. Vivienda Pública v. Vega Martínez,* 200 DPR 235, 240 (2018).

El procedimiento de desahucio sumario está reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9 (2016). Su reglamentación responde al interés del Estado en atender con prontitud la reclamación de quien alega que su derecho a poseer y disfrutar un inmueble ha sido interrumpido. *Mercovic v. Meldon y otro,* supra; *Cooperativa v. Colón Lebrón,* supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez,* supra, pág. 240. Así, el propósito

de la acción se limita a recuperar la posesión material del bien inmueble. *ATPR v. SLG Volmar-Mathieu,* supra, pág. 10.

Conforme el Art. 620 del Código de Enjuiciamiento Civil, *supra,* sec. 2821, pueden promover la acción de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquier otro que tenga derecho a disfrutarla y sus causahabientes.

Por su naturaleza sumaria, el procedimiento no es el Foro adecuado para dilucidar controversias de título. Cuando surja un conflicto genuino sobre el título o el derecho de una parte a poseer el inmueble, la controversia deberá atenderse en un juicio ordinario. *C.R.U.V. v. Román,* supra; *Negrón v. Corujo,* 67 DPR 398 (1947); *Escudero v. Mulero,* 63 DPR 574 (1944); *González v. Colón,* 49 DPR 557 (1936); *Ermita de Nuestra Señora del Rosario v. Collazo,* 41 DPR 596 (1930). Sin embargo, tal conflicto solo existe cuando la parte demandada presenta prueba que tienda a demostrar que posee algún derecho para ocupar el inmueble y un título tan bueno o mejor que el de la parte demandante. *C.R.U.V. v. Román,* supra, pág. 322.

No basta, por tanto, una alegación escueta de título para derrotar la acción sumaria. La parte demandada debe oponer un título de dominio que tienda a justificar que su posesión no es la de arrendatario, administrador, custodio o precarista; es decir, que no ocupa el inmueble por mera tolerancia del dueño y sin satisfacer renta o merced alguna. *C.R.U.V. v. Román,* supra, pág. 322. Una alegación de título desprovista de prueba resulta insuficiente para impedir la procedencia del desahucio por la vía sumaria. *Martínez Santiago v. Dalmau Andrades,* 93 DPR 191, 194 (1966).

De igual modo, en el procedimiento sumario de desahucio no procede ventilar reclamaciones de dinero que el arrendatario alegue tener contra el desahuciante por concepto de reparaciones u otros conceptos. *Fernández Hno. v. Pérez,* supra, pág. 248. Por esa misma

razón, el trámite sumario no admite reconvenciones ni contrademandas. *Id.*

No obstante, el Tribunal Supremo ha reconocido que un arrendatario puede levantar una defensa basada en su posesión de buena fe y en un alegado derecho a retener el inmueble por mejoras realizadas. *Jiménez v. Reyes*, 146 DPR 657, 663-665 (1998); *Mora Dev. Corp. v. Sandín*, 118 DPR 733, 749-750 (1987). La mera invocación de mejoras, sin embargo, no transforma automáticamente el procedimiento sumario en uno ordinario ni permite incorporar una reclamación independiente de cobro de dinero. Corresponde evaluar si los hechos alegados y la prueba presentada establecen una controversia genuina sobre un derecho a poseer o retener el inmueble que justifique la conversión del trámite. Véase; *Jiménez v. Reyes*, supra; *Mora Dev. Corp. v. Sandín*, supra.

### III.

Por la estrecha relación entre los señalamientos de error, procedemos a discutirlos en conjunto. En el caso de autos, la parte apelante nos solicita que revoquemos la *Sentencia* mediante la cual el TPI-Caguas declaró *Con Lugar* la demanda de desahucio presentada en su contra. La parte apelante sostiene que el Foro Primario incidió al dictar sentencia de desahucio sumario: (1) pese a que, según alegan, el demandante carecía de legitimación activa para instar la acción; (2) sin que este presentara prueba suficiente para sostener su reclamación; y (3) sin convertir el trámite sumario en uno ordinario, aun cuando la parte apelante alegó haber realizado mejoras en el inmueble y reclamó una compensación por estas. *No le asiste la razón.*

En primer lugar, no procede el planteamiento de que el Tribunal carecía de jurisdicción por falta de legitimación activa del apelado. De la demanda surge que este compareció como hijo y

causahabiente de los titulares registrales fallecidos de la finca objeto de controversia. Además, alegó ser codueño del inmueble, asumir el pago de sus contribuciones y haber autorizado personalmente a los apelantes a ocupar dos naves localizadas en la parte posterior de la propiedad.

Los apelantes, por su parte, admitieron que ocupaban parte del inmueble y que recibieron autorización del apelado para utilizar las referidas naves. Por tanto, no contravirtieron que la posesión inicial surgió de una autorización concedida por el apelado. Tampoco alegaron que otra persona ostentara un derecho superior sobre la finca, ni presentaron elemento alguno que demostrara que el señor López Reyes careciera de interés para procurar su recuperación posesoria. Por el contrario, fundamentaron su defensa en las mejoras que presuntamente realizaron y en el crédito económico que, a su juicio, estas generaron a su favor.

En esas circunstancias, el TPI-Caguas tenía ante sí elementos suficientes para concluir que el apelado poseía un interés propietario y concreto para instar la acción. La controversia no versaba sobre la inexistencia de vínculo alguno entre el apelado y la propiedad ni sobre una impugnación a su condición de causahabiente. Los apelantes cuestionaron, esencialmente, las consecuencias económicas de las mejoras que alegaron haber efectuado y el alcance de la autorización inicialmente conferida para ocupar las estructuras. Tales planteamientos no privaban al Foro de Primera Instancia de atender la reclamación posesoria promovida por quien alegó ser causahabiente de los titulares registrales y quien, según las propias admisiones de los apelantes, autorizó la ocupación inicial.

Conforme surge de la *Sentencia,* el Foro Primario consideró los escritos presentados por ambas partes, la documentación acompañada y los planteamientos que estas reiteraron durante la

vista celebrada el 6 de mayo de 2026. Ante la ausencia de acuerdo entre las partes, el TPI-Caguas concluyó que se encontraba en posición de resolver la controversia a base del expediente.

Los apelantes reconocieron aspectos sustanciales de la reclamación. Admitieron que ocupaban parte de la finca y que el apelado les autorizó a utilizar dos naves. Asimismo, aceptaron que el acuerdo inicial contemplaba que no pagarían renta mientras completaban el techado de tales estructuras. Su controversia no se dirigió a negar el origen autorizado de la ocupación ni la existencia del acuerdo verbal. Más bien, sostuvieron que las mejoras realizadas debían ser compensadas antes de que surgiera alguna obligación de pagar renta o desalojar el inmueble.

El Tribunal podía tomar en consideración tales admisiones para identificar los hechos que no permanecían en controversia. La contestación no fue utilizada para adjudicar una reclamación independiente a favor del apelado ni para resolver sumariamente una reclamación económica de los apelantes. Por el contrario, permitió al Tribunal constatar que la defensa de estos descansaba en el valor alegado de las mejoras y en el crédito que entendían tener frente al apelado, no en un título o derecho independiente que justificara su permanencia en la finca.

Aunque las alegaciones de mejoras no podían utilizarse para ventilar, dentro del procedimiento sumario, una reclamación independiente de cobro de dinero o compensación, el Tribunal debía examinarlas en la medida en que los apelantes pretendieran fundamentar en estas un derecho de retención o un derecho actual a conservar la posesión del inmueble. No obstante, de la contestación surge que los apelantes invocaron las obras realizadas para reclamar compensación, pago y evitar un alegado enriquecimiento injusto. Incluso, solicitaron que se les adjudicara una suma de dinero por el valor de dichas mejoras.

Los apelantes no alegaron de forma concreta que ostentaban un derecho de retención sobre la finca ni expusieron hechos que demostraran que las mejoras realizadas les conferían un derecho actual a permanecer en posesión. Bajo tales circunstancias, el TPI-Caguas podía concluir razonablemente que su planteamiento constituía una reclamación económica independiente, susceptible de dilucidarse por la vía ordinaria, sin que ello impidiera resolver la controversia posesoria mediante el procedimiento sumario.

De igual forma, el Foro de Primera Instancia no adjudicó en los méritos la reconvención ni resolvió la reclamación económica de los apelantes. En cambio, determinó que las controversias relacionadas con mejoras, compensación o cobro de dinero debían presentarse mediante el cauce correspondiente. De ese modo, preservó la naturaleza sumaria de la acción sin impedir que los apelantes reclamaran posteriormente cualquier remedio económico que estimaran procedente.

Finalmente, la referencia del Foro Primario a los apelantes como precaristas no justifica la revocación solicitada. La *Sentencia* debe examinarse en su totalidad. De ella surge que el Tribunal no descansó exclusivamente en dicha calificación, sino que concluyó que los apelantes no demostraron la existencia de un contrato vigente, una extensión del acuerdo inicial ni un derecho de retención que justificara la continuación de su posesión. Por ello, el hecho de que la demanda se fundamentara en la alegada falta de pago no impedía concluir que, una vez culminado el término de gracia acordado para completar el techado y ante la ausencia de un derecho que sostuviera la posesión posterior, los apelantes carecían de fundamento jurídico para permanecer en la propiedad.

En conclusión, sostenemos que los apelantes no demostraron que el demandante careciera de legitimación para promover la acción de desahucio, que el TPI-Caguas hubiese adjudicado el caso

sin elementos suficientes para ello o que sus alegaciones sobre mejoras y compensación exigieran convertir el procedimiento en uno ordinario. En consecuencia, resolvemos que los errores señalados no se cometieron y procede *confirmar* la *Sentencia* apelada.

**IV.**

Por los fundamentos antes esbozados, **confirmamos** la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones